

## KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

April 11, 2023

Ms. S. Renee Tidwell
Tarrant County Auditor
100 East Weatherford
Fort Worth, Texas 76196-0103

**Opinion No. KP-0441**

Re: Authority of a magistrate appointed by a judge or group of judges under Government Code chapter 54 to simultaneously serve as staff legal counsel for the appointing judge or judges and for the other appointed magistrates (RQ-0476-KP)

Dear Ms. Tidwell:

You ask whether a "magistrate appointed by a judge or group of judges [may] simultaneously serve as staff legal counsel for the appointing judge or judges and for the other appointed magistrates[.]"[1] You refer us to chapter 54 of the Government Code as authority for the Tarrant County criminal court judges to appoint criminal-law magistrates to perform certain duties, including duties that are judicial in nature. *See* Request Letter at 1. You further explain that "[t]he Tarrant County criminal courts also hire licensed attorneys to serve as staff legal counsel to the criminal courts, the appointed magistrates, and court administrative-staff members." *Id.* You tell us a staff counsel attorney provides confidential legal advice on all issues arising in the criminal courts. *See id.* In this context, you ask whether an attorney who is a staff legal counsel may also serve as an appointed criminal-law magistrate. *See id.* To be precise, you do not ask whether the person may be the staff legal counsel for themselves as criminal-law magistrate. *See id.* Instead, you ask whether an individual appointed as a criminal-law magistrate may also work as the staff legal counsel for one or all of the judges who appointed the individual as magistrate or for one of the other appointed magistrates. *See id.*

### Tarrant County Criminal-Law Magistrates and Staff Legal Counsel

Subchapter H, chapter 54, Government Code provides for criminal-law magistrates in Tarrant County. *See generally* TEX. GOV'T CODE §§ 54.651–.662. It requires the judges of the district courts that give preference to criminal cases, the judges of the criminal district courts, and the judges of the county criminal courts to "jointly appoint the number of magistrates set by the

---

[1]Letter and Attachments from S. Renee Tidwell, Tarrant Cnty. Auditor, to the Off. of the Att'y Gen., Op. Comm. at 1 (Aug. 25, 2022), https://texasattorneygeneral.gov/sites/default/files/request-files/request/2022/RQ0476KP.pdf ("Request Letter" and "Attachments," respectively).

commissioners court to perform the duties authorized" by subchapter H. *Id.* § 54.651(a) (requiring the consent and approval of the Tarrant County Commissioners Court). Subchapter H sets out the qualifications for appointment and compensation of an appointed magistrate. *See id.* §§ 54.652 ("Qualifications"), 54.653 ("Compensation"). The subchapter identifies the types of proceedings that may be referred to a magistrate and the powers of a magistrate. *See id.* §§ 54.656 ("Proceeding that May be Referred"), 54.658 ("Powers"). Subchapter H also expressly provides that a magistrate "has the same judicial immunity as a district judge." *Id.* § 54.654. However, it does not address the simultaneous service about which you ask.[2]

To your request, you attach two job descriptions: one for a position that contains the duties of both staff legal counsel and criminal-law magistrate; and one for a staff legal counsel position. *See* Attachments at 1–6 (describing two positions). The job description for the criminal-law magistrate does not segregate duties by the type of position but it includes the drafting and filing of various documents necessary to conduct litigation and proceedings in the relevant forums, as well as the counseling and advising of clients "within the bounds of confidentiality, when applicable, regarding legal issues in all phases of litigation." *Id.* at 4. The job description for the criminal-law magistrate also requires the position to appear in court "to act as an advocate when appropriate" and to appear in court "to act as a judicial officer when appropriate." *Id.* at 1. You do not identify a particular law that would prohibit the dual service contemplated by the job description, so we address several relevant legal principles.

### Dual-Officeholding Provisions

We first consider your question under the constitutional provision against dual officeholding and the common-law doctrine of incompatibility. *See* TEX. CONST. art. XVI, § 40(a); Tex. Att'y Gen. Op. No. KP-0418 (2022) at 1–2 (discussing common-law incompatibility). Article XVI, subsection 40(a) prohibits an individual from holding at the same time more than one "civil office of emolument."[3] TEX. CONST. art. XVI, § 40(a). "The common-law incompatibility doctrine prohibits dual public service in cases of self-appointment, self-employment, and conflicting loyalties." Tex. Att'y Gen. Op. No. KP-0418 (2022) at 1.

Article XVI, subsection 40(a) and two prongs of the incompatibility doctrine—the conflicting-loyalties prong and the self-appointment prong—require the two positions at issue to be "offices" in order to apply. *See* TEX. CONST. art. XVI, § 40(a); Tex. Att'y Gen. Op. Nos. GA-1036 (2014) at 1 (noting that article XVI, subsection 40(a) applies only when both positions qualify as "civil offices"), KP-0265 (2019) at 2 ("Self-appointment and conflicting loyalties incompatibility only apply in instances when both positions are officers."). The Texas Supreme Court established the standard by which to determine whether a position is an officer for incompatibility purposes in *Aldine Independent School District v. Standley*. 280 S.W.2d 578, 583 (Tex. 1955). The determinative inquiry under *Aldine* is whether the position exercises any sovereign function of government for the benefit of the public largely independent of the control

---

[2]You do not cite, and we are not aware of, a statute that provides for the position of staff legal counsel. Thus, we understand this to be a position created by Tarrant County with the powers and duties prescribed by the County.

[3]*See Tilley v. Rogers*, 405 S.W.2d 220, 224 (Tex. Civ. App.—Beaumont 1966, writ ref'd n r.e.) (recognizing there is no distinction between "civil office" and "public office").

of others. *See id.* But because the position of staff legal counsel is an employment and not an office, the simultaneous service does not implicate these provisions.

Self-employment incompatibility involves an officer and an employee and prohibits one person from holding an office that directly appoints or supervises the employee or "where the particular duties of the two positions and the relationship between them [give] rise to a great risk that one would impose its policies on the other." Tex. Att'y Gen. Op. No. GA-0348 (2005) at 3. We consider the question whether a magistrate appointed under chapter 54 is an officer. *See* Tex. Att'y Gen. Op. No. GA-0738 (2009) at 2 (stating that self-employment incompatibility "prevents one person from holding an office and an employment that the office supervises" and that the "fundamental consideration is the supervision of the subordinate employment by the office" (quoting Tex. Att'y Gen. Op. No. GA-0214 (2004) at 3)). Government Code chapter 54 provides that the criminal-law magistrate serves at the will of the appointing judge or judges. *See* TEX. GOV'T CODE § 54.655. If the criminal-law magistrate may be terminated at will by a superior body, the position does not exercise the sovereign function "largely independent of the control of others." *Aldine Indep. Sch. Dist.*, 280 S.W.2d at 583; *see also* Tex. Att'y Gen. Op. No. GA-0766 (2010) at 2 (stating that if a position may be "terminated at will by a superior body" it can "hardly be said to exercise power 'largely independent of the control of others'" (quoting Tex. Att'y Gen. Op. No. JM-1266 (1990) at 2)). Accordingly, as the chapter 54 criminal-law magistrate is likely not an officer for incompatibility purposes, self-employment incompatibility would not apply.

### Chapter 572, Government Code

Government Code chapter 572 governs the standards of conduct and conflicts of interest for state officers and state employees. *See generally* TEX. GOV'T CODE §§ 572.001–.069. Though the criminal-law magistrate is a "state judge" within the scope of chapter 572, neither the criminal-law magistrate nor the staff legal counsel is a "state officer" or "state employee" under that chapter. *See id.* § 572.002(11-a)(C) (defining "state judge" to include magistrates appointed under chapter 54 of the Government Code), 572.002(11) (defining "state employee"), 572.002(12) (defining "state officer"). Thus, chapter 572 does not apply to the circumstances you describe.

### Texas Disciplinary Rules of Professional Conduct

As is the criminal-law magistrate position, the position of staff legal counsel is an attorney subject to the Texas Disciplinary Rules of Professional Conduct ("Disciplinary Rules"). *See* Request Letter at 1; TEX. GOV'T CODE § 54.652 (listing qualifications for the position of magistrate to include a license to practice law in this state); *see generally* TEX. DISCIPLINARY RULES PROF'L CONDUCT, *reprinted in* TEX. GOV'T CODE, tit. 2, subtit. G, app. A. The question "[w]hether particular conduct violates th[is] or any other rules of professional conduct is a question requiring the resolution of fact questions" and cannot be determined in an Attorney General opinion. Tex. Att'y Gen. Op. No. GA-0651 (2008) at 7. That said, the simultaneous service you describe, under particular facts, likely implicates one or more of the Disciplinary Rules. For example, Rule 1.11(a) prohibits a lawyer from "represent[ing] anyone in connection with a matter in which the lawyer has passed upon the merits or otherwise participated personally and substantially as an adjudicatory official . . . unless all parties to the proceedings consent after disclosure." TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.11(a); *see also id.* R. 1.05 (governing a lawyer's use

of confidential information), R. 1.06 (governing a lawyer's conflict of interest). To the extent the position of staff legal counsel works on a legal matter over which he or she presides as the criminal-law magistrate, the dual service about which you ask may be prohibited under the Disciplinary Rules.

### Texas Code Judicial Conduct

The position of criminal-law magistrate is a judicial position subject to the Texas Code of Judicial Conduct ("Judicial Canons"). *See* TEX. GOV'T CODE § 33.001(a)(8) (defining "judge" for purposes of the chapter on State Commission of Judicial Conduct to include a "magistrate . . . or other person who performs the functions of the . . . magistrate"); *see generally* TEX. CODE JUD. CONDUCT, *reprinted in* TEX. GOV'T CODE, tit. 2, subtit. G, app. C. As with the Disciplinary Rules, the question whether particular conduct violates any of the Judicial Canons is an issue outside the purview of an Attorney General opinion. *See* Tex. Att'y Gen. Op. No. GA-0348 (2005) at 6–7 (concluding that whether the Judicial Canons have been violated is a question this office must leave to the State Commission on Judicial Conduct).[4] Moreover, the State Commission on Judicial Conduct is the body authorized, in the first instance, to apply the Judicial Canons. *See* TEX. CONST. art. V, § 1-a(2), (6), (8); *see also* TEX. GOV'T CODE §§ 33.001–.051. That said the simultaneous service you describe likely implicates one or more of the Judicial Canons. For example, Canon 1 requires a judge to uphold the independence of the judiciary. *See* TEX. CODE JUD. CONDUCT, Canon 1; *see also* Canons 2A, 2B, 3A, 3B(5). To the extent the position of criminal-law magistrate works on a matter implicating one of the judicial canons, the dual service about which you ask may be prohibited.

---

[4]We note the Committee on Judicial Ethics of the State Bar of Texas recently issued an opinion with the same fact pattern in Tarrant County and concluded that a magistrate could not serve as staff legal counsel for the appointing judges or for another appointed magistrate. *See* Comm. on Jud. Ethics, State Bar of Tex., Op. 301 (2022), *reprinted in* Tex. Jud. Coun. & Off. Ct. Admin. Tex. Jud. Sys. Ann. Rep. (2022). "The Committee on Judicial Ethics of the State Bar of Texas Judicial Section issues written judicial ethics opinions in response to written questions requesting interpretations of the Code of Judicial Conduct." *Judicial Ethics Opinions*, TEXAS JUDICIAL BRANCH, txcourts.gov/publications-training/judicial-ethics-bench-books/judicial-ethics-opinions/#:~:text=The%20 Committee%20on%20Judicial%20Ethics,the%20Code%20of%20Judicial%20Conduct.

## S U M M A R Y

Neither the dual-officeholding prohibition in article XVI, subsection 40(a) of the Texas Constitution, nor the common-law incompatibility doctrine prohibit a criminal-law magistrate appointed under Government Code chapter 54 from also serving as staff legal counsel to the judges appointing the magistrate. Similarly, Government Code chapter 575 likely does not preclude the dual service.

The question whether the simultaneous service violates the Disciplinary Rules of Professional Conduct for attorneys or the Code of Judicial Conduct for magistrates is a question that cannot be determined in an Attorney General opinion.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT E. WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

AUSTIN KINGHORN
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee